IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| PUERTO RICO FARM CREDIT, ACA<br><br>Plaintiff<br><br>vs<br><br>EDUARDO RUIZ-VALENTIN, his wife REYES NORIEGA-RAMOS and the conjugal partnership constituted by them; JUAN RUIZ-VALENTIN, his wife GUMERSINDA RIVERA-MONTALVO and the conjugal partnership constituted by them<br><br>Defendants | CIVIL 09-1348CCC |

**REQUEST FOR INTER-JURISDICTIONAL CERTIFICATION
PURSUANT TO RULE 25 OF THE RULES OF THE
SUPREME COURT OF PUERTO RICO**

I. Introduction

The Court has before it an action for collection of monies and foreclosure of mortgage, filed pursuant to 12 U.S.C. §632 by the Puerto Rico Farm Credit, ACA (PRFC) a corporation, successor in right of the Puerto Rico Production Credit Association, a Lending Cooperative Association, an instrumentality of the United States against defendants Eduardo Ruiz-Valentín, Reyes Noriega-Ramos; Juan Ruiz-Valentín, Gumersinda Rivera-Montalvo and their respective conjugal partnerships. Defendants have raised as a defense that the properties may not be foreclosed because their deeds have not, as yet, been recorded. Although there is an appellate court decision on this subject, this issue has not been addressed by the Puerto Rico Supreme Court.

II. Relevant Facts

On June 30, 2008 defendants Eduardo Ruiz-Valentín and Noreiga-Ramos subscribed a Promissory Note in the principal amount of $2,940,150.00 with interest at the rate of 5.00% per annum, payable to the order of plaintiff PRFC. Through a document executed at the

CIVIL 09-1348CCC                                   2

same time, all of the defendants delivered, as a guarantee of the payment of that loan, a mortgage note subscribed by all of them on January 22, 2007, for the principal amount of $3,000,000.00 with an interest at the rate of 7.25% per annum, which could be increased or lowered according to the provisions of the June 20, 2008 promissory note payable to PRFC. The defendants guaranteed payment of the mortgage note, plus interest, costs, possible attorney's fees, and other credits, with a mortgage constituted on January 22, 2007, by Deed Number 6 executed before Notary Public Carlos Tomassini-Ramírez, encumbering eight properties:  three in Barrio Añasco Abajo of Añasco, Puerto Rico, that were presented at the Registry of Property Mayagüez Section; four in Barrio Boquerón, and one in Barrios Miradero and Bajura of Cabo Rojo, Puerto Rico, all of which were presented at the Registry of Property, San Germán Section.

The action before us seeks foreclosure of the mortgages constituted over the eight properties and collection of the loan's principal, late charges, accrued interest on the principal, interest on the principal accruing thereafter, and costs, expenses and attorney's fees.  PRFC has filed a motion for summary judgment, supported by copies of the June 30, 2008 promissory note (Ex. A); the June 30, 2008 cover letter submitting the mortgage note that follows to guarantee the promissory note (Ex. B); the January 22, 2007 mortgage note (Ex. C); and January 22, 2007 deed establishing a voluntary mortgage over eight properties (Ex. D), which were filed with the complaint, and additional evidence, filed with the motion, --a statement under penalty of perjury from Jorge Dulzaides, Regional Lending Manager of PRFC, attesting to the truth and accuracy of the facts stated in the motion and authenticating the other exhibits, a certification of debt and title searches for each of the properties.

Defendants filed a two-page opposition (docket entry 28) to the motion for summary judgment.  At ¶2 of their opposition they state:

> Regarding the uncontested facts as set forth in Plaintiff's motion the debtors agree as to the principal amount due to creditor, as well as the matter that debtors signed the Deed of

CIVIL 09-1348CCC                                3

>   Mortgage.  Furthermore, there is no doubt as to the legal validity
>   regarding Title Searches provided as exhibit in this case.

Although at paragraph 3(c) of the opposition they contend "[t]hat the debtors, Juan Ruiz Valentín and Gumersinda Rivera Montalvo, are currently up to date in their payments to creditor," they have not submitted any evidence whatsoever in support of this contention. Because defendants did not comply with this Court's Local Civil Rule 56, which sets out the requirements related to summary judgment motions, and did not submit any evidence in support of this conclusory allegation, as required by the Rule, the statement would not be credited for purposes of creating an issue of fact.

At ¶ 3(a) of their opposition, however, defendants challenge the legality of plaintiff's foreclosure action[1] stating;

>   That there are issues regarding the perfection of the liens,
>   since the mortgages' deeds were presented at the Registry of
>   Property, but have not been qualified by the City Registrar. This,
>   considering that under State's law, the validity of the lien as a
>   secured claim against property depends on the final registration
>   by the City Registrar, State's law requires that for a mortgage to
>   exist it must be registered at the Registry of Property. . . . This
>   means, that if the mortgage is only presented and it has not
>   been registered as required, this mortgage cannot be executed
>   as a secured claim against a property.  Furthermore, the
>   mortgages have not been registered, only presented in this case,
>   which means that none of them can be executed as of the
>   present time.  Refer to the following Articles for the Local
>   Mortgage Law: "Local Mortgage Law" Art. 155: "Mortgages in
>   General" under 30 L.P.R.A. sec. 2551' mortgages can be
>   *voluntary or legal*. Art. 182: "Voluntary Mortgage" under '30
>   L.P.R.A. sec. 2601' a voluntary mortgage corresponds only to
>   the authorized possessor, owner or title holder of the property to
>   subject to be mortgaged.  "Mortgage Regulations" Art. 145.1:
>   "Mortgages in General" once the Deed of Mortgage is registered
>   according to law the mortgage will only be considered
>   *guaranteed*.  Art. 146.1: "Constitution of the Mortgage".

(Emphasis in the original.)

---

[1] Plaintiff did not request leave to reply to the opposition or tender a reply addressing this defense.

CIVIL 09-1348CCC                                              4

The issue: whether under Puerto Rico law PRFC can foreclose on the mortgage deeds that have been presented to the Registry of Property, but have not yet been recorded, is central to the resolution of this case. The title searches for the eight properties at issue in this action reflect that all of the pertinent PRFC mortgages have been presented to the corresponding Registries of Property, and are waiting recording by the Registrars. Additionally, six of the eight properties have other deeds pending registration[2] that were presented before PRFC's mortgages:

 1) <u>Finca 1736 (Añasco), Mayagüez Registry</u>--The registered owners are Santos Vélez-Sánchez and Norma Miranda-Bayrón. Presented documents include Deed No. 7 Liquidation of Community Property Partnership, Partition and Liquidation of Inheritance Rights and Actions executed July 21, 2000, awarding of this and other properties to Santos Vélez-Sánchez, presented August 14, 2000; a Resolution on the Declaration of Heirs issued December 4, 1996 and presented October 20, 2005; Deeds #80 and #81 executed December 2, 2005 canceling two mortgages that were presented December 12, 2005; Deed No. 3 of Purchase and Sale with Postponed Payment between Santos Vélez-Sánchez and defendants Juan Ruiz-Valentín and Gumersinda Rivera-Montalvo and constitution of a mortgage executed on April 9, 2005 and presented December 22, 2006; a Petition executed January 22, 2007 by defendant Eduardo Ruiz-Valentín requesting cancellation of the entry of a complaint encumbering this property, more than five years having passed since its expiration, presented February 8, 2007;

 2) <u>Finca 8748 (Añasco) Mayagüez Registry</u>–The registered owners are Santos Vélez-Sánchez and Norma Miranda-Bayrón. Presented documents include Deed No. 7 Liquidation of Community Property Partnership, Partition and Liquidation of Inheritance Rights and Actions executed July 21, 2000, awarding of this and other properties to Santos Vélez-

---

[2]We do not include the complementary documents submitted with the presented documents.

CIVIL 09-1348CCC                                  5

Sánchez presented August 14, 2000; a Resolution on the Declaration of Heirs presented October 20, 2005; Deeds #80 and #81 executed December 2, 2005 canceling two mortgages presented December 12, 2005; Deed No. 3 of Purchase and Sale with Postponed Payment between Santos Vélez- Sánchez and defendants Juan Ruiz-Valentín and Gumersinda Rivera-Montalvo and constitution of a mortgage executed on April 9, 2005 and presented December 22, 2006; a Petition executed January 22, 2007 by defendant Eduardo Ruiz-Valentín requesting cancellation of the entry of a complaint encumbering this property, more than five years having passed since its expiration February 8, 2007;

3) Finca 18715 (Cabo Rojo) Registry of San Germán–Registered owner is MC Acquisitions Corporation.  Documents awaiting registration before PRFC's include:  Deed #2 on Partial Cancellation of Mortgage executed on January 22, 2007, and presented February 8, 2007 in which Doral Bank as mortgage creditor, releases this property and other from the $1.7 million mortgage encumbering them; Deed #1 Rectifying Abuttals Purchase and Sale of Property In Common executed on January 27, 2007 and presented February 8, 2007 by virtue of which MC Acquisitions sells this and 13 other properties to defendants.

4) Finca 18716 (Cabo Rojo) Registry of San Germán–Registered owner is MC Acquisitions Corporation.  Documents awaiting registration before PRFC's include: Deed  #2 on Partial Cancellation of Mortgage executed on January 22, 2007, and presented February 8, 2007 in which Doral Bank as mortgage creditor, releases this property and other from the $1.7 million mortgage encumbering them; Deed #1 Rectifying Abuttals Purchase and Sale of Property In Common executed on January 27, 2007 and presented February 8, 2007 by virtue of which MC Acquisitions sells this and 13 other properties to defendants.

5) Finca 18719 (Cabo Rojo) Registry of San Germán–Registered owner is MC Acquisitions Corporation.  Documents awaiting registration before PRFC's include:  Deed #2 on Partial Cancellation of Mortgage executed on January 22, 2007, and presented February 8, 2007 in which Doral Bank as mortgage creditor, releases this property and other from the $1.7

CIVIL 09-1348CCC                                         6

million mortgage encumbering them; Deed #1 Rectifying Abuttals Purchase and Sale of Property In Common executed on January 27, 2007 and presented February 8, 2007 by virtue of which MC Acquisitions sells this and 13 other properties to defendants.

6) <u>Finca 18721 (Cabo Rojo) Registry of San Germán</u>–Registered owner is MC Acquisitions Corporation.  Documents awaiting registration before PRFC's include:  Deed #2 on Partial Cancellation of Mortgage executed on January 22, 2007, and presented February 8, 2007 in which Doral Bank as mortgage creditor, releases this property and other from the $1.7 million mortgage encumbering them; Deed #1 Rectifying Abuttals Purchase and Sale of Property In Common executed on January 27, 2007 and presented February 8, 2007 by virtue of which MC Acquisitions sells this and 13 other properties to defendants.

In a recent appeal  from a judgment of the Superior Court of Puerto Rico, Río Grande Part, the Court of Appeals, in its June 30, 2009 judgment, concluded that a mortgage that has been merely presented, but not yet recorded, does not vest a creditor with the right to foreclose.  <u>Cooperativa de Ahorro y Crédito de Aguada v. Ocasio Rodríguez</u>, 2009 WL 2843418(TCA)at *4-5 (P.R. Cir. 2009), in its pertinent part, found

> As the Supreme Court of Puerto Rico has expressed: "recordation is a constitutive act through which the security produces real effects and becomes operative *erga omnes* within the scope of real rights" <u>Rosario Perez v. Registrador</u>, 115 D.P.R. 491, 494 (1984). "If the mortgage is not registered in the Registry, it does not come into juridical life." <u>Westernbank v. Registradora</u>, 2007 T.S.P.R. 160. If the mortgage is not registered in the Registry of Property, the deed shall only have the effect of a notarized personal credit.
> . . .
> In the case submitted for our consideration, the deed constituting the mortgage is recorded as filed in the Registry of Property, Carolina Section, pending qualification, for which reason it has not yet been registered. It is well known that the mortgage, due to its constitutive nature, does not exist as an *in rem* right until it is registered in the Registry of Property. However, that does not imply that its not being registered voids the judicial act contained therein, because the personal obligation persists. There isn't yet an *in rem* mortgage right, but there is and it evidences a personal credit of the defendants toward the Cooperative. . . .

CIVIL 09-1348CCC                              7

>     Consequently, we resolve that the TPI (Court of First Instance) acted correctly in granting the complaint only with respect to the collection of money, and not regarding the execution of the mortgage.  This security, while it has the potential to come into full juridical life after its registration, does not exist as a matter of law until that condition is met.

This decision was not appealed to the Puerto Rico Supreme Court, and the question has not been directly addressed by that Court.[3]


III. Question being certified

Can a creditor seek foreclosure of a mortgage, the deed for which has been presented to the Registry of Property of the Commonwealth of Puerto Rico  but has not yet been qualified and recorded in the Registry?

IV. Effect of the possible answers

Should the Supreme Court conclude that the presentation of a mortgage deed is sufficient to create the plaintiff's right to foreclose on a mortgage, we may proceed to  grant

---

[3] With regard to the decisions of lower state courts, the Supreme Court of the United States, in its decision in Fidelity Union Trust Co. V. Field, 311 U.S. 176, 177-178 (1940), stated:

> The highest state court is the final authority on state law but it is still the duty of the federal courts, where the state law supplies the rule of decision, to ascertain and apply that law even though it has not been expounded by the highest court of the State.  An intermediate state court in declaring and applying the state law is acting as an organ of the State and its determination in the absence of more convincing evidence of what the state law is, should be followed by a federal court in deciding a state question.

See, also, Losacco v. F.D. Rich Construction Co.,Inc., 992 F.2d 383, 384 (1st Cir. 1993) (The decisions of intermediate state appellate courts are trustworthy data for ascertaining state law.); CPC International, Inc. v. Northbrook Excess & Surplus Insurance Co., 962 F.2d 77, 91 (1st Cir. 1992).

CIVIL 09-1348CCC                                             8

plaintiff/creditor PRFC's motion for summary judgment in this case.  If the answer is in the negative, then PRFC would be able to collect only on the personal credit until such time as the mortgage encumbering the properties is actually recorded in the Registry of Property.

As noted above, two of the properties have deeds submitted almost ten years ago that are still awaiting registration.  The six properties listed above are still registered in previous owners' names.  One property has six documents ahead of plaintiff's mortgages that are awaiting registration.

The decision on the question certified will have serious ramifications in the banking and mortgage industries.

V. Conclusion

The Clerk of Court shall send a certified copy of this order to the Clerk of the Supreme Court of Puerto Rico, and shall prepare and attach to said Order an appendix that will include a copy of the Complaint and attachments (docket entry 1); the Motion for Summary Judgment and attachments (docket entry 22); and defendants' opposition (docket entry 28). The Court would also welcome the advice and comments of the Supreme Court of Puerto Rico on any other aspect of Puerto Rican law that it deems relevant to the proper resolution of this case.

SO ORDERED.

At San Juan, Puerto Rico, on May 21, 2010.


                                                    S/CARMEN CONSUELO CEREZO
                                                      United States District Judge