IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

PUERTO RICO FARM CREDIT, ACA

Plaintiff

vs                                                    CIVIL 09-1348CCC

EDUARDO RUIZ-VALENTIN, his wife
REYES NORIEGA-RAMOS and the
conjugal partnership constituted by them;
JUAN RUIZ-VALENTIN, his wife
GUMERSINDA RIVERA-MONTALVO and
the conjugal partnership constituted by
them

Defendants

## OPINION AND ORDER

On April 15, 2009, plaintiff Puerto Rico Farm Credit, ACA ("PRFC") filed the Complaint (docket entry 1) in the instant case against defendants Eduardo Ruiz Valentín, Reyes Noriega Ramos, their conjugal partnership, Juan Ruiz Valentín, Gumersinda Rivera Montalvo and their conjugal partnership, alleging that defendants had defaulted on their loan obligation to plaintiff and requesting that the Court condemn defendants to pay the full amount of the balance of the loan and decree the public sales of real estate properties mortgaged to guarantee the same. The defendants filed their Answer to the Complaint (docket entry 19) on July 29, 2009.

On October 21, 2009, plaintiff filed a Motion for Summary Judgment (**docket entry 22**), to which defendants opposed on November 30, 2009 (docket entry 28). While defendants admitted in their opposition owing the amount which plaintiff was seeking to collect and having constituted mortgages to guarantee its payment, they claimed that those mortgages could not be executed since they had still not been registered at the Registry of Property. Thus, the only issue that the Court had to resolve was whether the creditor could seek foreclosure of the mortgages in its favor since the deeds in which they were constituted,

CIVIL 09-1348CCC                              2

although presented to the Registry of Property of the Commonwealth of Puerto Rico, had not yet been qualified and recorded in said Registry.

Because that issue had not been addressed by the Puerto Rico Supreme Court (Supreme Court), on May 21, 2010 the Court certified that question to it pursuant to Rule 25 of the Rules of the Supreme Court of Puerto Rico.  The Supreme Court, through an Order dated June 28, 2010, issued a Writ of Certification, after which the parties filed their respective briefs.  While the matter was under advisement before the Supreme Court, however, the Legislature of Puerto Rico enacted Law No. 216 of December 27, 2010 ("Law 216") entitled "Law To Make Agile The Registry of Property," which became effective on February 10, 2011.  Article 2 of Law 216 establishes that "every document presented in the Registry of Property as of April 30, 2010 is recorded."

The Supreme Court then issued an Order for the parties to state their positions regarding the effect that the adoption of Law 216 would have on the issue certified.  Plaintiff filed a motion stating that, pursuant to Law 216, all the mortgages object of the present case had been duly recorded in the Registry of Property and that said fact rendered moot the question certified before the Supreme Court.  Consequently, on April 15, 2011, the Supreme Court entered a Resolution annulling the Writ of Certification previously issued upon its finding that the answer to the question certified would have no practical effect over the present case since the impediment for the foreclosure of the mortgages had vanished.  The Supreme Court considered that the certification requested had turned moot and that in light of the changed circumstances an answer to the certified question would require the issuance of an advisory opinion.

Thus, the legal argument against foreclosure which had been raised by defendants in their opposition to the summary judgment motion has been dispelled by the effects of Law 216.  We again note that defendants, in said opposition, have accepted the amount due to the plaintiff, the fact that they signed the Deeds of Mortgage and the validity of the Title

CIVIL 09-1348CCC                                     3

Searches submitted as exhibits in support of plaintiff's motion for summary judgment.  We have also considered, and now adopt, the Statement Of Uncontested Facts submitted by plaintiff in support of his Motion, all of which are supported by a record citation as required by Local Rule Civil Procedure Rule 56(e) of the Local Rules of the United States District Court for the District of Puerto Rico, and given that defendants failed to submit with their Opposition a separate statement of material facts to admit, deny or qualify the moving party's statement of material facts, as also required by Rule 56(e).  Those uncontested facts establish that:

1. On June 30, 2008, defendants Eduardo Ruiz Valentín and Reyes Noriega Ramos subscribed a Promissory Note in the principal amount of $2,940,150.00, with interest at the rate of 5.00% per annum, payable to the order of the Puerto Rico Farm Credit, ACA in the following manner:

　　　　A. On January 1, 2009 an installment of the interests accrued up to that date.

　　　　B. On June 1, 2009, a final installment for the balance of principal amount owed, interest accrued and any other charges.  Said note was subscribed before Notary Public Carlos Tomassini Ramírez, Affidavit Number 9,982.

2. Through a document executed on June 30, 2008 before Notary Carlos Tomassini Ramírez, affidavit no. 9,985, defendants Eduardo Ruiz Valentín, Reyes Noriega Ramos, Juan Ruiz Valentín and Gumersinda Rivera Montalvo delivered to PRFC as guarantee of the payment of the loan represented by the Promissory Note the following:

　　　　A. Mortgage Note subscribed by defendants Eduardo Ruiz Valentín, Reyes Noriega Ramos, Juan Ruiz Valentín and Gumersinda Rivera Montalvo on January 22, 2007 for the principal amount of $3,000,000.00, with interest at the rate of 7.25% per annum, which interest rate could be increased or lowered according to the provisions of the Promissory Note executed on June 30, 2008, payable to the Puerto Rico Farm Credit, ACA On Demand. That defendants Eduardo Ruiz Valentín, Reyes Noriega Ramos, Juan Ruiz Valentín and Gumersinda Rivera Montalvo guaranteed the payment of the Mortgage Note, plus credits for

CIVIL 09-1348CCC                    4

interest, costs, expenses and attorneys fees in the event of foreclosure and other credits, with

a mortgage constituted pursuant to Deed Number 6 of Voluntary Mortgage, executed before

Notary Public Carlos Tomassini Ramírez, on January 22, 2007, hereinafter referred to as the

"Deed of Mortgage," which mortgage encumbers the real estate properties that are described

hereafter in the Spanish language and which are recorded respectively as follows:

PROPERTY "A"

> "---A) RUSTICA: Parcela número ochenta y uno (81) radicada en el Barrio Boquerón del término municipal de Cabo Rojo, Puerto Rico, con una cabida superficial de CINCO CUERDAS (5.00 CDAS.), equivalentes a una (1) hectárea, noventa y seis (96) áreas y sesenta (60) centiáreas. En lindes por el NORTE, con el Mar Caribe; por el SUR, con servidumbre de paso de diez (10.00) metros de ancho; por el ESTE, con la parcela número sesenta y nueve (69) y por el OESTE, con la parcela número ochenta (80).

> Esta parcela es para uso de fines agrícolas."

> The mortgage that is being foreclosed herein, that encumbers this property was presented on February 8, 2007 at entry 154 of volume 753 of the Day Book, property number 18721, Registry of Property, San Germán Section.

PROPERTY "B"

> "---B) RUSTICA: Parcela número sesenta y nueve (69) radicada en el Barrio Boquerón del término municipal de Cabo Rojo, Puerto Rico, con una cabida superficial de CINCO CUERDAS (5.00 CDAS.), equivalentes a una (1) hectárea, noventa y seis (96) áreas y sesenta (60) centiáreas. En lindes por el NORTE, con el Mar Caribe; por el SUR, con servidumbre de paso de diez (10.00) metros de ancho; por el ESTE, con la parcela número sesenta (70) y servidumbre de paso de diez (10.00) metros de ancho y por el OESTE, con la parcela número ochenta y uno (81).

> Esta parcela es para uso de fines agrícolas."

> The mortgage that is being foreclosed herein, that encumbers this property was presented on February 8, 2007 at entry 154 of volume 753 of the Day Book, property number 18715, Registry of Property, San Germán Section.

PROPERTY "C"

> ---C) RUSTICA: Parcela número setenta (70) radicada en el Barrio Boquerón del término municipal de Cabo Rojo, Puerto Rico, con una cabida superficial de CINCO CUERDAS (5.00 CDAS.), equivalentes a una (1) hectárea, noventa y seis (96) áreas y sesenta (60) centiáreas. En lindes por el NORTE, con el Mar Caribe; por el SUR, con servidumbre de paso de diez

CIVIL 09-1348CCC                              5

(10.00) metros de ancho; por el ESTE, con la parcela número setenta y uno (71) y por el OESTE, con la parcela número sesenta y nueve (69).

---Esta parcela es para uso de fines agrícolas."

The mortgage that is being foreclosed herein, that encumbers this property was presented on February 8, 2007 at entry 154 of volume 753 of the Day Book, property number 18716, Registry of Property, San Germán Section.

PROPERTY "D"

"---D) RUSTICA: Parcela número setenta y tres (73), radicada en el Barrio Boquerón del término municipal de Cabo Rojo, Puerto Rico, con una cabida superficial de CINCO CUERDAS (5.00 CDAS.), equivalentes a una (1) hectárea, noventa y seis (96) áreas y sesenta (60) centiáreas. En lindes por el NORTE, con las parcelas número setenta y uno (71) y setenta y dos (72) y servidumbre de paso de diez (10.00) metros de ancho; por el SUR, con la parcela número sesenta y cinco (65); por el ESTE, con la parcela número treinta y siete (37) y por el OESTE, con la parcela número sesenta y ocho (68) y servidumbre de paso de diez (10.00) metros de ancho.

---Esta parcela es para uso de fines agrícolas."

The mortgage that is being foreclosed herein, that encumbers this property was presented on February 8, 2007 at entry 154 of volume 753 of the Day Book, property number 18719, Registry of Property, San Germán Section.

PROPERTY "E"

"---E) RUSTICA: Compuesta de SETENTA Y CUATRO CUERDAS CON SIETE MIL DOSCIENTOS OCHENTA Y CINCO DIEZMILESIMAS DE OTRA (74.7285 CDAS.), equivalentes a veintinueve (29) hectáreas, treinta y siete (37) áreas, doce (12) centiáreas y ochenta y cuatro (89) miliáreas, radicada en el Barrio Añasco Abajo del término municipal de Añasco, Puerto Rico. Colinda por el NORTE, en cuatro alineaciones que suman doscientos cincuenta y tres punto sesenta y cinco (253.65) metros, con un caño que lo separa de terrenos de la Sucesión Iñigo; por el SUR, en trescientos cincuenta y seis punto sesenta y ocho (356.68) metros, con la Antigua Vía Férrea de la American Railroad Company y en ocho (8) alineaciones que suman trescientos veintitrés punto sesenta (323.60) metros, con terrenos de Francisco Lugo Lugo; por el ESTE, en seiscientos setenta y cuatro punto dieciocho (674.18) metros, con la carretera ciento quince (115) y en ciento noventa y dos punto cuarenta y cinco (192.45) metros, con la carretera número dos (2) y por el OESTE, en trescientos noventa y ocho punto treinta y uno (398.31) metros, con terrenos de la Sucesión Bianchi, en una alineación discontinua de la anterior de veintidós punto setenta y uno (22.71) metros, con un caño y en trescientos sesenta y cuatro punto cuarenta (364.40) metros, con terrenos de la Sucesión Iñigo y otros de Francisco Lugo Lugo.

CIVIL 09-1348CCC                                     6

--De la cabida de esta finca se efectuó una segregación de cuatro mil ochocientos veintiuno punto noventa y uno (4,821.91) metros cuadrados, que pasó a formar la finca once mil ciento quince (11,115) de Añasco, inscrita al tomo del sistema de folio móvil a favor de la Autoridad de Carreteras y Transportación de Puerto Rico.

--No se describe remanente luego de efectuadas dichas segregaciones.------ The mortgage that is being foreclosed herein, that encumbers this property was presented on February 8, 2007 at entry 599 of volume 732 of the Day Book, property number 8,748, Registry of Property, Mayagüez Section.

PROPERTY "F"

"---F) RUSTICA: Predio de terreno propio para cañas en el sitio Las Marías del Barrio Añasco Abajo del término municipal de Añasco, Puerto Rico, compuesta de DIEZ CUERDAS CON OCHENTA CENTÉSIMAS DE OTRA (10.80 CDAS.), según el plano de dicha finca levantado en marzo cinco (5) de mil novecientos treinta y uno (1931), por Rafael Bofill, colindando por el NORTE, desde el punto número uno (1) hasta el punto número dos (2) de dicho plano en una extensión de quinientos sesenta y tres (563.00) metros, con terrenos de Virginia Pesante, hoy Sucesión de Antonia Goyco de Iñigo; colindante por el SÚR,desde el punto número tres (3) hasta el punto número cuatro (4) de dicho plano en una extensión de seiscientos treinta y cuatro punto cincuenta (634.50) metros, con terrenos de Virginia Pesante hoy Sucesión de Antonio Goyco de Iñigo; colindante por el ESTE, desde el punto número dos (2) hasta el punto número tres (3) de dicho plano en una extensión de setenta y uno punto ochenta (71.80) metros, con terrenos de Pedro Vidal; colindante por el OESTE, desde el punto número cuatro (4) hasta el punto número cinco (5) de dicho plano en un ángulo de cincuenta y cuatro (54) grados en una extensión de (no se puede determinar ya que el tomo esta deteriorado) dicho plano en un ángulo de treinta (30) grados cero (0) minutos en una extensión de diecinueve punto veinte (19.20) metros y desde el punto seis (6) hasta el punto número uno (1) de dicho plano en un ángulo de quince (15) grados treinta (30) minutos en una extensión de treinta y tres (33.00) metros. Colindante en toda su totalidad de extensión por el Oeste antes se ha reseñado con el caño frío. El punto número tres (3) de dicho plano se toma de la esquina Sureste de la finca y está al lado Norte del callejón que pasa desde la Carretera de Añasco a Rincón con propiedad de Pedro Vidal Santa María, desembocando en la esquina Sureste de dicha finca se toma el punto número tres (3) antes mencionado."

The mortgage that is being foreclosed herein, that encumbers this property was presented on February 8, 2007 at entry 599 of volume 732 of the Day Book, property number 1,736, Registry of Property, Mayagüez Section.

PROPERTY "G"

"---G) RUSTICA: Predio de terreno llano, dedicado a cañas dulces, conocido con el nombre de finca Garrosi, situado en el Barrio Añasco Abajo del término municipal de Añasco, Puerto Rico, con una cabida de CIENTO TRES CUERDAS CON OCHENTA Y NUEVE CENTÉSIMAS DE OTRA

CIVIL 09-1348CCC                    7

(103.89 CDAS.), equivalentes a cuarenta (40) hectáreas, ochenta y tres (83) áreas y veintiocho (28) centiáreas, en colindancias por el ESTE, con terrenos de la Sucesión Juan José Arcelay; por el NORTE, con Sucesión Urrutia y Sucesión Bianchi Pagán, divididas por el camino que conduce del pueblo a la playa de Añasco; por el PONIENTE, con otros de doña Amalia Altieri de Cebollero, los de Justo Goicoevich y los de Manuel Antonio Vélez y por el SUR, con el Río Grande de Añasco, Puerto Rico.

---NOTA: En la inscripción 27a, al folio 227vuelto, del tomo 36 de Añasco, se expresa que esta finca fue mensurada y resultó tener dentro de sus mismos puntos y colindancias, una cabida de NOVENTA Y CUATRO CUERDAS CON NOVENTA Y CINCO CENTÉSIMAS DE OTRA (94.95 5CDAS.), pero la misma no se acreditó."

The mortgage that is being foreclosed herein, that encumbers this property was presented on February 8, 2007 at entry 599 of volume 732 of the Day Book, property number 508, Registry of Property, Mayagüez Section.

PROPERTY "H"

---H) RUSTICA: Parcela de terreno denominada C de configuración aproximadamente triangular con un área superficial de TREINTA Y UNA CUERDAS CON MIL CUATROCIENTOS ONCE DIEZMILESIMAS DE OTRA (31.1411 CDAS.), equivalentes a ciento veintidós mil trescientos noventa y seis punto ochocientos cinco (122,396.805) metros cuadrados. Colinda por el NORTE, con terrenos de Luis Carlo Aymat, también conocido como Buddy Carlo; por el SURESTE, con terrenos de Luis Carlo Aymat, también conocido como Buddy Carlo y hoy día también conocido como Punta Oeste Development, Inc.; por el SUROESTE, con la carretera estatal número trescientos once (311) que separa esta parcela de terrenos de Wilda y Héctor Fajardo Roger; y por el SUR, en un punto con la carretera estatal número trescientos once (311).

---Este terreno está ubicado en los Barrios Miradero y Bajura de Cabo Rojo, Puerto Rico.

---Esta finca se dedicará para fines agrícolas."

The mortgage that is being foreclosed herein, that encumbers this property was presented on February 8, 2007 at entry 154 of volume 753 of the Day Book, property number 18891, Registry of Property, San Germán Section.

3. That defendants Eduardo Ruiz Valentín, Reyes Noriega Ramos, Juan Ruiz Valentín and Gumersinda Rivera Montalvo agreed pursuant to the terms of the Mortgage Notes that in the event of default in the payment of the aforesaid indebtedness as the same became due, or any part thereof, or in the event of default in the performance of any of the terms, covenants or conditions of the mortgage securing its payment, the entire balance of the indebtedness

CIVIL 09-1348CCC                              8

could become immediately due and payable and that the mortgage could be foreclosed without notice to debtor.[3]

4. That defendants Eduardo Ruiz Valentín, Reyes Noriega Ramos, Juan Ruiz Valentín and Gumersinda Rivera Montalvo agreed pursuant to the terms of the Deeds of Mortgage to pay to the owner and holder of the Mortgage Notes an amount equal to 10% of its principal but not less than $500.00 as a fixed and liquid amount to cover the costs, expenses and attorneys fees in case of foreclosure or other judicial proceedings for the collection of the same, whereof the defendant is bound to pay to the plaintiff, the sum of $300,000.00 for such concept.

5. That defendant Eduardo Ruiz Valentín, Reyes Noriega Ramos, Juan Ruiz Valentín and Gumersinda Rivera Montalvo for value received, delivered the Mortgage Note to the Puerto Rico Farm Credit, ACA, who is the present owner and holder of the same.

6. That defendants are in default regarding the payment of the installments of the loan guaranteed by the mortgage in favor of the plaintiff.

7. That the following amounts have become due and payable and have not been paid by the defendants or by any other party on their behalf in spite of plaintiff's diligences:

The sum of $2,940,135.63 of principal; plus $2,118.34 for late charges, plus $108,510.99 of accrued interest on principal as of April 8, 2009, plus interest on unmatured principal accruing thereafter at the rate 5.25 % per annum, equivalent to $422.8961 daily until the date of its full payment, plus the sum of $300,000.00 as a fixed and liquid amount for the costs, expenses and attorneys fees.

Pursuant to Fed.R.Civ.P. 56(a), a summary judgment motion should be granted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  The moving party must demonstrate "an absence of evidence to support the nonmoving party's case."  See Celotex Corp. v. Catrett, 477 U.S. 317 (1986).

CIVIL 09-1348CCC                                    9

As established by the uncontested facts and the admissions made by defendants in their Opposition, they executed a mortgage note and mortgage deeds to guarantee a loan issued by plaintiff, and subsequently defaulted on their payment obligations.  Since defendants have breached their contractual obligations, and have not properly controverted plaintiff's allegations, the Court must grant summary judgment in plaintiff's favor.

Accordingly, plaintiff's Motion for Summary Judgment (**docket entry 22**) is GRANTED.  Judgment will be entered by separate Order.

SO ORDERED.

At San Juan, Puerto Rico, on May 31st, 2011.


                                        S/CARMEN CONSUELO CEREZO
                                         United States District Judge